■  VALERIE ANTONIK et al., Respondents, v. DAVID KOCHANSKY, Respondent-Appellant, and STEPHEN SKROCKI, Appellant.— Order, Supreme Court, New York County, entered April 2, 1971, setting aside jury verdict in favor of defendant Skrocki reversed, on the facts and the law, and the verdict reinstated. Appellant Skrocki shall recover $50 costs and disbursements of this appeal from respondent-appellant Kochansky. The issue as regards the defendant Skrocki was whether he had given the driver, the defendant Kochansky, permission to use his car. That issue was vigorously contested and the facts and circumstances extensively explored. In addition to the credibility of witnesses the inferences to be drawn from conceded facts were presented for the jury's consideration. By taking selected facts the court concluded that the verdict was against the weight of evidence. While the court deplored this practice it nevertheless followed it. The verdict could well have been reached by a fair interpretation of the evidence. Consequently it was error to set it aside (*Marton* v. *McCasland*, 16 A D 2d 781; *Salvitelli* v. *Janusz*, 19 A D 2d 886). The court placed reliance on the presumption of permissive use provided in Vehicle and Traffic Law. Once substantial evidence is introduced of a denial of permission the issue becomes one of fact for the jury. Concur — Stevens, P. J., McGivern and Steuer, JJ.; Kupferman and McNally, JJ., dissent in the following memorandum by McNally, J.: I would affirm the order setting aside the verdict finding nonpermissive use of the Skrocki vehicle by the defendant Kochansky on the ground the verdict is against the weight of the evidence. For the reasons set forth by STARKE, J., and in addition, in my opinion, the record does not rebut the presumption by substantial evidence and fails to negative the express or implied permission of the owner to operate the motor vehicle. (Vehicle and Traffic Law, § 388.) Skrocki testified he knew Kochansky had taken the car because when he discovered it was missing "my friends were there, and three of them were there and one wasn't. So it had to be Dave." The undisputed evidence is to the contrary. Skrocki arrived at the Flamingo in his car with Savulich and Kochansky. At the time of the occurrence, Kochansky and Savulich were in the car. Hence, when Skrocki discovered the car was missing either Kochansky or Savulich might have taken it. Nevertheless, Skrocki testified he immediately walked to Kochansky's home to look for

the car. The conclusion is inescapable that Skrocki knew when he missed the car that Kochansky had taken it because he, Skrocki, had consented thereto.